UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:25-cv-1882-DJC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| K. GOMEZ, et al., | |
| Defendants. | |

Plaintiff is an incarcerated individual representing herself in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has not paid the required filing fee for this civil action nor requested leave to proceed in forma pauperis.  The in forma pauperis statute codified at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of court records from this court reveals that, while incarcerated, and before this action was filed, plaintiff was found to have filed three or more prior strikes.  Driver v. U.S.

1

Special Master, et al., Case No. 1:17-cv-0202-DAD-BAM (E.D. Cal.).[1] This three strikes finding occurred well in advance of the filing date of the present action. Therefore, the undersigned finds that plaintiff has filed three or more actions that were dismissed for failing to state a claim. See 28 U.S.C. § 1915(g).

    Having determined that plaintiff has accrued three prior strikes, he is therefore precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception applies at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The allegations in the complaint concern First Amendment retaliation claims based on interference with plaintiff's legal mail. ECF No. 1. There are no factual allegations in the complaint that demonstrate any type of imminent harm that would allow plaintiff to proceed with this action without paying fees. Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). In light of plaintiff's prior strikes and the lack of imminent danger at the time this complaint was filed, the undersigned recommends requiring plaintiff to pay the entire filing fee within a period of 30 days or face dismissal of the present action.

    Accordingly, IT IS RECOMMENDED that plaintiff be required to pay the full $405 filing fee for this action within 30 days or face dismissal of this action because he has accrued three or more prior strikes under 28 U.S.C. § 1915(g).

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written

---

[1] The court takes judicial notice of this finding that plaintiff is a three strikes litigant. See Fed. R. Evid. 201 (the court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3